# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LIBERTY MUTUAL INS. CO., et al.,** | : | Civil No. 2:16-CV-483 |
| | : | |
| Plaintiffs, | : | (Judge Kane) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **VINCENT GEMMA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

### I. Factual Background and Procedural History

This case involves allegations by the plaintiff, Liberty Mutual, against Vincent Gemma, a former Executive Sales Representative for Liberty Mutual and Gemma's current employers. In essence, Liberty Mutual alleges that Gemma entered into an unlawful agreement with various businesses, identified collectively as the Everest defendants, to divert business and business opportunities from Liberty Mutual at a time when Gemma still worked for Liberty Mutual in violation of Gemma's contractual and common law duties of loyalty to his employer. (Docs. 1 and 37). This case was assigned to the Honorable Yvette Kane, and Judge Kane, in turn, referred various discovery disputes which had arisen in the course of this litigation to the undersigned. (Doc. 88).

1

For an extended period of time, we deferred action on these discovery disputes at the request of counsel who were endeavoring to resolve these matters amicably. (Docs. 102-117). Ultimately, these efforts provide to be unavailing, and counsel now present us with a series of discovery disputes for our consideration and resolution. (Docs. 79, 86, 117, 120, 123).

One of these discovery motions filed by Liberty Mutual relates to the adequacy of responses to several requests for admission propounded by the plaintiff upon Gemma and the Everest defendants.(Doc. 123).  Specifically, Liberty Mutual contends that the responses to four requests for admission are legally insufficient.

Three of these requests for admission were directed to the Everest defendants. According to Liberty Mutual, these requests and responses read as follows:

Northwood's Response to Request No. 14:

REQUEST: Prior to April 7, 2016, Northwood was aware of the Gemma Agreement.

[INITIAL] RESPONSE: The Defendant objects on the grounds that the term "aware" is vague and undefined. Subject to and without waiving the objection, it is admitted only that Northwood was advised of the existence of the Gemma Agreement.

[REVISED] RESPONSE: Denied as stated. It is admitted only that Northwood was aware that Gemma and Liberty Mutual were parties to an agreement referred to in this matter as the Gemma Agreement.

Everest's Response to Request No. 13:

REQUEST: Prior to April 7, 2016, Everest Insurance was aware of the Gemma Agreement.

[INITIAL] RESPONSE: The Defendant objects to the Request on the grounds that it seeks information about a different entity.

[REVISED] RESPONSE: Denied as stated. It is admitted only that Northwood was aware that Gemma and Liberty Mutual were parties to an agreement referred to in this matter as the Gemma Agreement.

Northwood's Response to Request No. 11:

REQUEST: Prior to April 7, 2016, Gemma visited Northwood's offices and attended meetings on behalf of Liberty Mutual.

[INITIAL] RESPONSE: Denied as stated. It is admitted only that Gemma, while working, for Plaintiffs, spent time at certain Northwood offices and attended certain meetings at Northwood offices.

[REVISED] RESPONSE: Denied as stated. It is admitted only that Gemma, while working, for Liberty Mutual, spent time at certain Northwood offices and attended certain meetings at Northwood offices.

Liberty Mutual also contends that Gemma has provided an inadequate response to one request for admission, as set forth below:

Gemma's Response to Request No. 2: REQUEST:

Prior to April 7, 2016, Gemma visited Northwood's offices and attended meeting on behalf of Liberty Mutual.

RESPONSE: Denied. It is admitted that Gemma visited Northwood's offices and attended meetings, but he did so as a sales agent attempting to secure sales of insurance. Gemma had no authority to act on behalf of, or to bind, Liberty Mutual. Gemma was one of many

> Liberty Mutual insurance sales agents who attempted to solicit sales from Northwood customers, and he was not tasked by Liberty Mutual with any specific responsibility with respect to Northwood.

This motion to compel clearer responses to these requests for admission is fully briefed and is, therefore, ripe for resolution. For the reasons set forth below, the motion is GRANTED in part.

## II.     Discussion

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997).  When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)).  Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a

magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery and provides as follows:

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

Thus, our discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, "[t]he Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014)

("[a]lthough the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits....Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

In addition:

> When considering discovery disputes like the instant dispute relating to requests for admissions, the court-and the litigants-must remain mindful of the limited purpose served by this particular discovery tool.
>
>> The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested. See Webb v. Westinghouse Elec. Corp., 81 F.R.D. 431, 436 (E.D.Pa.1978); United States v. Watchmakers of Switzerland Information Center, Inc., 25 F.R.D. 197, 201 (S.D.N.Y.1959). Where, as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. Furthermore, the use of only the word "denied" is often sufficient under the rule. See, e.g., Continental Casualty Co. v. Brummel, 112 F.R.D. 77, 81–82 n. 2 (D.Colo.1986); Kleckner v. Glover Trucking Corp., 103 F.R.D. 553, 557 (M.D.Pa.1984). "Regardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 96 (W.D.Mo.1973). "A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege." Johnstone v. Cronlund, 25 F.R.D. 42, 46 (E.D.Pa.1960). "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so

that it can be admitted or denied without explanation." Id. at 45

Wheeler v. Corbett, No. 3:11-CV-92, 2015 WL 4952172, at *4 (M.D. Pa. Aug. 19, 2015) (quoting United Coal Companies v. Powell Const. Co., 839 F.2d 958, 967–68 (3d Cir.1988)).

Judged against these benchmarks, we believe that these requests for admission are sufficiently direct and concise that they admit of a straightforward answer. We read the requests as simply asking whether the Everest defendants knew of Gemma's employment agreement with Liberty Mutual and whether Gemma visited the Everest defendants' offices and attended meeting while he was employed by Liberty Mutual. While we understand that defendants' desire to qualify these answers somewhat, the narrow questions themselves admit of direct responses, and the replies provided by the defendants are not direct. Rather, in some instances they are elliptical and contradictory. Moreover, while the defendants have asserted that some of these requests are unduly complex, vague or prolix, we disagree.[1] Accordingly, IT IS ORDERED that the defendants provide

---

[1] For example, the defendants argue that the term "aware" used in several of these requests for admission, which asked if defendants were aware of the Gemma Agreement, is unduly vague. We disagree. According to the Cambridge Dictionary, the term aware simply means "knowing that something exists, or having knowledge or experience of a particular thing." https://dictionary.cambridge.org/us/dictionary/english/aware. There is nothing unduly vague or metaphysical about this concept.

direct, succinct replies to these requests for admission on or before **June 27, 2022** or the requests shall be deemed admitted.

    An appropriate order follows.

                                        */s/ Martin C. Carlson*
                                        Martin C. Carlson
                                        United States Magistrate Judge

DATED: May 26, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LIBERTY MUTUAL INS. CO., et al.,** | : | Civil No. 2:16-CV-483 |
| | : | |
| Plaintiffs, | : | (Judge Kane) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **VINCENT GEMMA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW this 26th day of May, 2022, in accordance with the accompanying Memorandum, IT IS ORDERED that Liberty Mutual's motion to compel (Doc. 123) is GRANTED in part and IT IS ORDERED that the defendants provide direct, succinct replies to these disputed requests for admission on or before **June 27, 2022** or the requests shall be deemed admitted.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge